UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN L. GILES,

        Plaintiff,                         Case No: 24-10137

v.                                   Honorable Nancy G. Edmunds
                                       Magistrate Judge Patricia T. Morris

CHRISTOPHER R. SWANSON, *et al.*,

        Defendants.
_____/

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S
FEBRUARY 29, 2024 REPORT AND RECOMMENDATION [8]**

This is a prisoner civil rights case in which *pro se* Plaintiff Kevin L. Giles alleges that his Eighth and Fourteenth Amendment rights were violated at the Genesee County Jail when he was placed in an overcrowded and unsanitary intake cell without a mat wrongfully placed on suicide watch. Before the Court is the Magistrate Judge's February 29, 2024 Report and Recommendation. (ECF No. 8.)

The Magistrate Judge recommends that the Court dismiss Plaintiff's complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. The parties were required to file specific written objections, if any, to the Magistrate Judge's Report and Recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). No objections were filed. "[T]he failure to object to the magistrate judge's report[ ] releases the Court from its duty to independently review the matter." *Hall v. Rawal*, 09-10933, 2012 WL 3639070, at *1 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)). The Court has nevertheless carefully reviewed the Report and Recommendation and concurs in its findings and conclusions.

1

Neither placement in the intake cell under the conditions which Plaintiff describes nor placement on suicide watch rise to the level of a constitutional violation. *See Shelton v. Christian County Jail*, No. 5:14-CV-P146, 2015 WL 236853, at *2 (W.D. Ky Jan. 16, 2015); *Evans v. Bruge*, No. 1:20-cv-833, 2020 WL 5742748, at *7 (W.D. Mich. Sept. 25, 2020). In addition, the manner in which Plaintiff was treated does not rise to the level of a constitutional claim. *See Hanson v. Madison Co. Detention Center*, 736 F. App'x 521, 530 (6th Cir. 2018) (finding that pushes, shoves and use of knees to restrain and handcuff a defendant do not rise to the level of a constitutional claim).

The Court therefore **ACCEPTS and ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 8) and **DISMISSES** Plaintiff's Complaint.

**SO ORDERED**.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 16, 2024


I hereby certify that a copy of the foregoing document was served upon counsel of record on April 16, 2024, by electronic and/or ordinary mail.

s/ Holly Ryan
Case Manager